46 So.2d 834

## BENNETT v. WALSH STEVEDORING CO.

### 1 Div. 386.

Supreme Court of Alabama.
April 13, 1950.
Rehearing Denied June 22, 1950.

Kenneth E. Henderson, of Mobile, for appellant.

686

Hamiltons & Denniston, of Mobile, for appellee.

BROWN, Justice.

This is an appeal by certiorari from a judgment of the circuit court in favor of the defendant in a proceeding brought by appellant, a longshoreman, under the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., an adversary proceeding. Mobile Liners, Inc. v. McConnell, 220 Ala. 562, 126 So. 626; Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125; Code of Alabama, Title 26, § 304.

The judgment of the court recites: "This cause coming on to be heard and being tried by the Court without the intervention of a jury, and being under submission upon briefs of counsel for the respective parties thereto and being considered and understood by the Court, and the Court states its findings of fact to be as follows:

"That this is a proceeding under the Workmen's Compensation Act of Alabama, brought by the plaintiff, Joe Bennett, against defendant Walsh Stevedoring Company, a corporation, wherein the plaintiff claims compensation for personal injuries, but that plaintiff in this cause failed to introduce in evidence on the trial thereof any evidence upon which compensation could be computed in accordance with the provisions of said Act, and that there is, therefore, no evidence in the record to sustain a judgment of any character against the defendant.

"The Court further finds that there is no allegation in the complaint of the amount of plaintiff's average earnings nor is there any admission in the Defendant's answer of the amount of such average earnings nor is there any allegation or admission upon which a computation thereof could be made in accordance with the provisions of said Act.

"The Court further finds, therefore, that there is no necessity for a determination of any the other factual issues in this cause.

"Statement of Law.

"The Court finds the law to be as follows:

"That a total lack of evidence on the trial to support the finding of a material fact, becomes a question of law.

"That the basis of benefits under the Workmen's Compensation Act of Alabama, is the average weekly earnings of the plaintiff to be determined in one of the methods provided for by the Act (Alabama Code of 1940, Title 26, Section 279), and the allegation and proof, one or both of such average weekly earnings, unless same are admitted, are essential to a recovery under the Act, and that the average weekly earnings of the plaintiff is a material fact.

"That the burden of proof rests upon the Plaintiff to prove all of the material facts essential to his recovery under the Act.

"The Court is therefore of the opinion that in the case at bar, as no evidence was offered of plaintiff's average weekly earnings, nor were same alleged or admitted, and as there were no facts alleged, proved or admitted upon which such average weekly earnings might be computed in any of the methods provided for by said Act, the Plaintiff has not discharged the burden of proof resting upon him, and cannot recover in this cause.

"It Is, Therefore, Ordered, Adjudged and Decreed by the Court that the plaintiff in this cause should have and recover nothing from the defendant herein, and that the defendant should go hence without day, with its costs incurred in this cause."

There is an absence of evidence showing the average weekly wage earned by the plaintiff, the only evidence going to show any wages earned by him being his own testimony to the effect that commencing at 9 o'clock on the day previous to the injury he worked through until 9 o'clock the next day, a period of 24 hours for which he was paid $10. The evidence shows that his employment was irregular; that his job was that of "shute tender" in loading coal from the docks on to vessels and that from 9 o'clock until his injury about 11:30 he was not working but was waiting for the arrival of another ship and had received notice from his employer to report for work at 1 o'clock p. m.

The burden was on the plaintiff to show that he received his injury as a result of accident arising out of and in the course of his employment and as a basis for computation of allowance under the statute to show the average weekly wage earned by him in said employment. In the absence of proof of these facts, the defendant was entitled to a judgment. Code of 1940, Title 26, §§ 279(G), 304; American Employers' Ins. Co. v. Singleton, Tex.Com. App., 24 S.W.2d 26; Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764.

We find no error in the record.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.