THORNAL, Justice.
By petition for a writ of certiorari we are asked to review an order of the Florida Industrial Commission which reversed a compensation order entered by a deputy commissioner.
We must consider the correctness of the order which fixed the amount of the average weekly wage of the employee, including an allowance for meals.
Bienvenido was a dish-washer for the Fontainebleau Hotel. He suffered an injury from an industrial accident when he slipped on a soapy floor and fractured his wrist. By the employment contract, the employer agreed to pay and the employee agreed to accept for his services $7.22 per day, plus $6.50 every two weeks for food, plus overtime. The employee was paid biweekly. A statement attached to each pay check revealed the amount of his regular salary, the amount of earned overtime, and the $6.50 food allowance. It showed deductions from the gross for withholding tax, social security and food, in the amount of *2 $6.50. Excluding the food allowance there is no dispute that the basic weekly wage average was $47.82. The deputy commissioner took the view that he was not bound by the agreed value of the food allowance. He concluded that the actual value of the food consumed by the claimant was $21 weekly. He added this to the basic weekly wage to arrive at a total of $68.82, as the wage base for fixing compensation.
On review, the full commission disagreed with the deputy. It held that the employment contract was binding. It ruled that the deputy commissioner committed error as a matter of law in undertaking to arrive at a value for the food beyond that agreed upon by the parties. The order of the deputy commissioner was reversed with directions to enter an order based upon the contractual value of the food allowance. It is this order of the full commission which is now tendered for review.
The claimant contends that the contractual arrangement regarding the value of food was tantamount to a pro tanto waiver of the benefits of the Workmen’s Compensation Act and therefore unenforceable.
The respondents contend that the agreed value of the food allowance was an element of the employment contract which entered into the average weekly wage paid to the employee and was therefore binding.
Our attention is directed to Section 440.-02(12), Florida Statutes, F.S.A., which reads as follows:
“ ‘Wages’ means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer, and gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer. In employment where an employee receives consideration other than cash as a portion of this compensation the value of such compensation shall be subject to the determination of the commission. (Emphasis added.)
In addition to the foregoing, the claimant points to Section 440.21(2), Florida Statutes, F.S.A., which provides in effect that no agreement by an employee to waive his right to compensation shall be valid.
We do not consider the section last cited as applicable because the contractual arrangement reflected by the instant record is not a waiver of compensation benefits. It is merely an agreement fixing the amount to be paid to the employee and the amount which he, in turn, would repay to his employer, in consideration for the meals. As pointed out above, both social security contributions and income taxes were paid on the amount which the employee received, including the $6.50 allowance for meals. This was not a mere bookkeeping entry for the convenience of the employer. It was a part of the employment arrangement which was reflected upon the statement on each bi-weekly check delivered to and accepted by the employee. The binding effect of these statements of detail on the checks is not mitigated by the fact that the claimant is a Cuban and does not have the benefit of a reading acquaintance with the English language.
Referring to Section 440.02(12), supra, we do not overlook the provision that the wages include “the reasonable value of board.” We also consider that provision of the cited Section to the effect that where an employee receives consideration other than cash the value of such compensation shall be “subject to the determination of the commission.” These provisions regarding the valuation of board would control a situation where the parties themselves have failed to agree upon the value of the additional emoluments. However, where the extras in addition to the stipulated money wage are given a fixed value by the employment contract, such agreement between the parties is binding in determining *3 the average weekly wages for the purpose of fixing the amount of a compensation award. Crane Co. v. Jamieson, 192 Tenn. 41, 237 S.W.2d 546. See also, Larson, Workmen’s Compensation Law Section 60.12.
If the employment contract had been silent on the value of the food, then Section 440.02(12) Florida Statutes, F.S.A., would have justified the action of the deputy commissioner in attempting to fix a value therefor. However, with this provision of the employment arrangement specifically agreed upon between the parties themselves, there was no basis for the application of the quoted provision.
The full Industrial Commission was correct in reversing the order of the deputy commissioner and we will therefore not disturb its decision.
The petition for certiorari is denied.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.