DEKLE, Justice.
This is a “competent substantial evidence” question arising in a workmen’s compensation claim wherein two Industrial Claims Commissioners have improperly substituted their judgment for that of the Judge of Industrial Claims who heard the factual disputes and reached his conclusions.[1] He is amply supported by competent substantial evidence. We reverse the reversal by the Commission and reinstate the judgment of the Judge of Industrial Claims in favor of petitioner-employee.
The employer’s challenge is first of all to the employer-employee relationship, contending that in the circumstances it did not exist at the time of the alleged injury as a basis for compensation. Claimant’s wife was one of the heirs to the estate of her parents whom she succeeded as an active officer of the corporation-employer in the operation of their bowling lane establishment. She brought her husband into the business to help her; he became president of the corporation which is a respondent here and began working full time at the bowling alley, being furnished his meals there but not drawing a specific pay *354 check nor being on the payroll. Petitioner received (other than his meals) his remuneration through the paycheck of his wife when he commenced work. This paycheck was placed in their joint account each month. He worked full time, 14 hours a day 6 days a week, and performed the principal duties, involving great responsibility, in the operation of the business. Petitioner was injured during his work at the bowling alley.
It is significant that the unorthodox method of compensation was at the suggestion of the attorney representing the estate-trust (the business) who suggested that they proceed in this way because other beneficiaries might object to petitioner’s name on the payroll. The several beneficiaries and all trustees held a meeting in this regard and a majority of them agreed to operate without petitioner’s name being on the payroll. The commissioners’ majority opinion views the employment as a “secret agreement by the officers of the corporation to deplete its assets by drawing a wage which would be concealed by paying the money to Mrs. Muzi-ka [which] would be a fraud upon the stockholders or the beneficiaries of the trust.”
This is a conclusion that the Claims Judge might have drawn upon competent substantial evidence but he reached an opposite result on disputed evidence. The choice in such circumstances is his — not the commissioners’- — so long as his choice is thus supported, as it is.
Petitioner may qualify for compensation as an employee under the statutory definition.[2] Bienvenido v. Fontainebleau Hotel, 128 So.2d 1 (Fla.1961), would support the factor of compensation by the meals which were furnished, even if the monetary reimbursement through his wife were discounted. All of the factors involved constitute sufficient competent supporting evidence to support the trial judge’s conclusions in this regard which should be affirmed.
The further question raised regarding the sufficiency and timeliness of the notice of injury to the corporation itself as employer under § 440.18(1) is likewise a matter of competent substantial evidence. While there is dispute on the point, there is present in the record that degree of proof sufficient to support the affirmative finding of the Claims Judge in this regard also.
Certiorari is granted; the Commission’s order of reversal is quashed with directions to reinstate the findings and judgment of the Industrial Claims Judge.
It is so ordered.
Reversed.
ERVIN, Acting C. J., CARLTON, BOYD and McCAIN, JJ., concur.

. Yates v. Gabrio Electric Co., 167 So.2d 565 (Fla.1964); Krause v. West Lumber Co., 227 So.2d 486 (Fla.1969); Meadows v. Curly’s Trash Service, Inc., 244 So. 2d 417 (Fla.1971).

. Fla.Stat. §440.02(12), F.S.A.: ‘“Wages’ means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer, and gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer. In employment where an employee receives consideration other than cash as a portion of this compensation the value of such compensation shall be subject to the determination of the commission.”