430 So.2d 486 (1983)
ALTERMAN TRANSPORT LINES INC. and Esis, Inc., Appellants,
v.
Edward J. GOETZMAN and Division of Workers' Compensation, Appellees.
No. AM-441.
District Court of Appeal of Florida, First District.
March 24, 1983.
Rehearing Denied May 18, 1983.
H. George Kagan, of Miller, Hodges & Kagan, Miami, for appellants.
Philip V. Salmon, Homestead, for appellees.
WENTWORTH, Judge.
Employer/servicing agent appeal a workers' compensation order, contending that the deputy erred in the determination of claimant's average weekly wage and the assessment of a penalty. We find the order to be without error and we accordingly affirm.
*487 Claimant is a long-haul tractor/trailer owner-operator, who worked for employer pursuant to an agreement by which claimant furnished "equipment and personal services" in exchange for a percentage of the gross revenue generated. Employer paid claimant, and similar employees, by two checks: an amount determined by the employee and designated as a "draw," and a "truck check" in an amount equal to the agreed percentage of gross revenue minus the employee's "draw."
Claimant designated $200 per trip as the amount of his "draw." Employer/servicing agent has paid compensation benefits based on an average weekly wage calculation which utilizes this "draw" check as the sole amount of claimant's wages. Claimant took the position that the entire amount of his gross receipts constitutes "wages." A hearing was held and the deputy commissioner determined that claimant's wages should be gross receipts less truck expenses and the rental value of such equipment. However, no evidence was presented as to the rental value of the truck; the deputy determined that the burden of producing such evidence is upon employer/servicing agent and declined to deduct any "speculative" amount not specifically proven. Due to the failure of proof on the rental value, the deputy deducted only proven expenses from gross receipts, and utilized the resulting amount in determining claimant's average weekly wage. The deputy then awarded benefits at a higher compensation rate than had previously been accepted by employer/servicing agent, and further awarded a 20% penalty upon such underpayment of benefits.
The deputy has cited numerous authorities for the general proposition that where an employee furnishes both services and equipment, and the furnishing of equipment is a substantial portion of the employment contract, in determining the employee's average weekly wage the rental value of such equipment should be deducted from the total recompense paid. See, e.g., Pettis v. Industrial Commission, 91 Ariz. 298, 372 P.2d 72 (Ariz. 1962); Ridgdell v. Tangipahoa Parish School Board, 17 So.2d 55 (La. App. 1944); also see 99 C.J.S. Workmen's Compensation, § 294(a) (1958). These later two authorities also suggest that the rental value deduction should be limited to amounts specifically established, and in Ridgdell the court declined to make such a deduction where there was no evidence as to the amount of such value. This rule, which the deputy applied in the present case, does appear to be the properly-reasoned approach, as it is the employer who is seeking to minimize the average weekly wage characterization of the employee's earnings; it is therefore the employer who should have the impetus to adduce evidence in this regard. Claimant of course has the initial burden, subject to employer's proof by way of limitation.
Employer/servicing agent also contends that claimant should be bound by his designation as to the amount of his "draw" check, suggesting that this is the amount of wages claimant reports for income tax purposes and that such reporting should be binding. However, tax returns are not conclusive on this issue. See Top of the Home Restaurant v. Mourino, IRC Order 2-3490 (1978). Where, as in the present case, an employer should be aware that the amount designated as the value of a particular item does not represent the parties' good faith contractual assessment of actual value, proper valuation is determined in accordance with fair market value of the service or benefit. Cf., Rhaney v. Dobbs House Inc., 415 So.2d 1277 (Fla. 1st DCA 1982). But compare Bienvenido v. Fontainebleau Hotel, 128 So.2d 1 (Fla. 1961).
As to the penalty award, the issue presented is somewhat unusual insofar as the present case required a fair market value assessment of equipment furnished by the claimant. However, employer/servicing agent presented no evidence in this regard, and should further have been aware, pursuant to cases such as Rhaney and Mourino, that the average weekly wage determination could not be predicated merely upon the agreed "draw." Accordingly, the deputy did not err in awarding *488 penalties upon employer/servicing agent's underpayment of benefits. Cf., King v. Lord Colony Enterprises, 400 So.2d 856 (Fla. 1st DCA 1981).
Affirmed.
SHIVERS and JOANOS, JJ., concur.