498 So.2d 651 (1986)
DICKERSON INC., and Aetna Casualty & Surety Company, Appellants,
v.
Frederick D. McCLEARY, Appellee.
No. BK-340.
District Court of Appeal of Florida, First District.
December 10, 1986.
John E. Houser, Jacksonville, for appellants.
David M. Hammond, Orlando, for appellee.
WENTWORTH, Judge.
Appellants, employer/carrier, seek review of a workers' compensation order awarding the claimant, appellee here, temporary total disability (TTD) benefits recalculated at an average weekly wage based on the sum of appellee's hourly wage and equipment rental payments paid to him by his employer.
Appellants contend the equipment rental payments should not have been included in the calculation of the average weekly wage. We reverse.
Appellee in 1981 was an independent contractor, performing welding for his own company. He then worked for appellant Dickerson, Inc. as an independent contractor, using his own equipment, and was paid *652 $15 per hour, out of which he paid all work-related expenses, including workers' compensation coverage, materials, repairs, and gasoline. The parties subsequently entered into a new agreement by which appellee worked for Dickerson as a payroll employee. The deputy ultimately found that under the agreement "employer would pay Claimant $5.00 per hour for his labor and $10.00 per hour for the use of his equipment."
Past decisions of this court have applied the general principle that when an employee furnishes both services and equipment, and the furnishing of equipment is a specified and substantial portion of the contract, the amount legally attributable to rental of the equipment should not be included in determining the employee's average weekly wage. Alterman Transport Lines, Inc. v. Goetzman, 430 So.2d 486, (Fla. 1st DCA 1983). See, e.g. Pettis v. Industrial Commission, 91 Ariz. 298, 372 P.2d 72 (Ariz. 1962); Ridgdell v. Tangipahoa Parish School Board, 17 So.2d 55 (La. App. 1944).
In the present case the deputy found "the remuneration has been split up ... apparently to secure certain tax advantages," and invoked the general precept that form should not govern over substance. But we are unable to follow the conclusion therefrom that the "wage in the instant case should, therefore, include those sums paid by Employer for usage" of property. The statute provides:
440.02 Definitions.  ...
(12) `Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer, and gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer. In employment in which an employee receives consideration other than cash as a portion of this compensation, the value of such compensation shall be subject to the determination of the deputy commissioner. (e.s.)
The order assumes that in common practice a worker and his tools may be an "indivisible wage earning unit," so that a worker might be paid a wage for service which includes a stipulation that personal tools be used. Whether or not that assumption is correct, we are unable to avoid the deputy's factual determination that in this case the parties' agreement, in both form and substance, was for payment of "$5.00 per hour for his labor and $10.00 per hour for the use of his equipment." The term "labor" clearly equates with "service" under the statute, supra, and not with a payment found to have been made for use of equipment, i.e., property.
The order is reversed and the cause remanded for recomputation of appellee's average weekly wage on the basis of his wage for "service rendered" (e.s.) under the statute.
BOOTH, C.J., and MILLS, J., concur.