Charles Beavers became an employee of Cook Transports, Inc. (Cook) in February 1986 as a truck driver. On June 7, 1986, Beavers was tying down the tarpaulin on a load of steel coils that he was transporting for Cook when he injured his back. In September 1986 Beavers filed a complaint, seeking compensation pursuant to the Alabama Workmen's Compensation statutes.
After a hearing the trial court issued its order which found in pertinent part that Beavers was an employee of Cook; that on June 7, 1986, he was injured in an accident arising out of and in the course of his employment; that Cook received actual notice *Page 876 
of the accident on June 26, 1986; and that the employee's average weekly earnings were $797.94. The order awarded temporary total disability from June 7, 1986, through October 8, 1986, and permanent partial disability for a total of 300 weeks. Medical expenses and attorney's fees were awarded.
The employer filed a motion for new trial or, in the alternative, a motion to amend judgment. This motion was denied. The employer appeals.
The record reveals that Beavers was a truck driver for Cook from February 16, 1986, until June 17, 1986. He owned his own truck and was paid sixty-five percent of the gross receipts for delivering a load for Cook if he used his truck and seventy-five percent of the gross receipts if he used his truck and trailer.
Beavers introduced into evidence his Form 1099 for the year 1986, which stated that he received $13,844.40 from Cook during his employment. He testified that it was his responsibility to pay all of his expenses, including food, fuel, and repairs for the truck.
On June 7, 1986, Beavers had picked up a load of steel coils for Cook in California when he injured his back. He testified that at the time he thought that he had only pulled a muscle, so he proceeded to Illinois where he delivered that load and picked up another load for Cook to be delivered to Birmingham. He did not arrive in Birmingham until June 17, 1986.
Upon arriving in Birmingham, Beavers contacted the dispatcher for Cook and informed him that he was going to take a few days off. He testified that he thought that, if he could just rest for a few days in bed, he would be all right.
Beavers testified that he went to a chiropractor, but his condition continued to get worse. The chiropractor referred him to a neurologist, who conducted some tests. On June 26, 1986, Beavers contacted Randy Gann, the safety director at Cook, regarding his accident and injury while in California on June 7, 1986.
In its first issue Cook contends that the trial court erred when it awarded temporary total disability benefits from June 7, 1986. Cook argues that the trial court should have either made a finding of good reason for failure to notify of his injury within five days as prescribed by § 25-5-78, Ala. Code (1975) (1986 Repl. Vol.), or awarded benefits from June 26, 1986.
The case of Ex parte Murray, 490 So.2d 1230 (Ala. 1984), addressed the issue of notice under § 25-5-78. InMurray, 490 So.2d at 1233, the supreme court stated that, if there is "evidence of 'good reason' for failure of the employee to notify his employer within 5 days of his injury, and actual notice to the employer within the requisite 90 days," then benefits can be awarded from the date of the injury.
The trial court found that actual notice of the accident was received on June 26, 1986 (which is within 90 days of the accident). However, the trial court awarded compensation from June 7, 1986 — the date of the accident.
In cases where the finding of fact made by the trial court is meager and omissive, this court will examine the evidence to determine whether there is any evidence to sustain the trial court. Thompson Co. Contractors v. Cole,391 So.2d 1042 (Ala.Civ.App. 1980). Under our scope of review we will not weigh the evidence or consider its preponderance. Our review of the evidence is only to determine whether there is any legal support for the trial court's conclusions. NewmanBrothers, Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App. 1977).
Beavers was on the road from June 7, 1986, until June 17, 1986. From June 17, 1986, until June 26, 1986, he thought that he had a pulled muscle and that bed rest would take care of the problem. When his condition failed to improve — and, in fact, grew worse — he notified his employer.
It has previously been recognized that a "good reason" for failing to comply with the time limitations of § 25-5-78 is that the serious injury to his back had not manifested *Page 877 
itself. See Alabama Textile Products Corp. v.Grantham, 263 Ala. 179, 82 So.2d 204 (1955). We find that there was evidence to support the trial court's award of benefits from June 7, 1986.
In its second issue Cook argues that the trial court erred in calculating Beavers's average weekly earnings. Beavers's Federal Tax Form 1099 for 1986 stated that his compensation from Cook was $13,844.40. Although counsel for Cook objected to the introduction of the Form 1099 on the grounds that it did not accurately reflect the average weekly wage of Beavers, Cook failed to introduce any evidence which tended to counter the evidence of Beavers or more accurately reflect a more correct weekly wage. (Beavers did testify that he paid all of his expenses — food, fuel, and repairs for the truck, etc. — from the amount that Cook paid to him, but there was no testimony as to the amounts expended.)
The trial court found that Beavers's average weekly earnings were $797.94 and awarded benefits accordingly. Thereafter, Cook filed a motion for new trial with a supporting affidavit and memorandum brief. In this motion Cook contended that the trial court erred in calculating Beavers's average weekly earnings because operating expenses were included in the amount listed on the Form 1099. In the supporting affidavit of Randy Gann (who was a witness at the hearing), it was stated that "[g]enerally, drivers in our industry are able to retain approximately one-third of their gross receipts as net income after payment of their expenses." The trial court denied the motion for new trial.
On appeal Cook contends that a new trial should be ordered so that additional testimony can be taken on the issue of average weekly earnings of Beavers.
The computation of compensation and the determination of average weekly earnings are governed by § 25-5-57(b), Ala. Code (1975) (1986 Repl.Vol.). The employee has the burden of presenting evidence for computation of his average weekly wage. Bennett v. Walsh Stevedoring Co., 253 Ala. 685,46 So.2d 834 (1950). Beavers introduced his 1986 Form 1099 into evidence and testified that he worked for Cook from February 16, 1986, until the beginning of June 1986 and that the Form 1099 reflected his total earnings with Cook. On cross-examination the counsel for Cook established that Beavers paid all his expenses, but failed to question him regarding the amount of expenses which he incurred. Cook had the opportunity to present evidence of the actual amount of expenses which could have reduced the amount of Beavers's average weekly wage. See Alterman Transport Lines, Inc. v. Goetzman,430 So.2d 486 (Fla.Dist.Ct.App. 1983). Cook failed to do this at the trial of this case.
Thereafter, Cook filed a motion for a new trial with supporting affidavit. The affidavit was from Randy Gann, an individual who testified at the trial. In his affidavit Gann stated that truck drivers like Beavers retain only one-third of their gross receipts after expenses. Our review of the transcript of the hearing reveals no such testimony by Gann at the hearing.
When considering a motion for new trial, the trial court must exercise its discretion. This exercise of discretion is given a presumption of correctness which will be upheld unless some legal right has been abused and the record clearly indicates that the trial court was in error. Moorman ManufacturingCo. v. Coan, 435 So.2d 106 (Ala.Civ.App. 1983). It is evident that Cook sought a new trial, not upon error of the court upon evidence before it, but because of failure to produce countering evidence at trial. The evidence presented by affidavit on motion for new trial was available at trial. In fact, the affiant was a witness to other matters at trial. We cannot hold the trial judge to error under such circumstances.Welch v. Jones, 470 So.2d 1103 (Ala. 1985).
We recognize that the argument of appellant in brief dealt primarily with the legal issue of whether the court correctly applied § 25-5-57(b), Ala. Code (1975) (1986 Repl.Vol.), in that the figure used by the court as the wage base for calculating compensation included sums other than wages. *Page 878 
Because of the posture of the case as previously discussed, we consider that issue not properly before us. As it appears to be a legal issue of first impression in this state, it must await a better vehicle for interpretation.
We find no error in denying the motion for new trial. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.