This is a workmen's compensation case.
Following an ore tenus proceeding, the trial court entered an order dated October 24, 1989, finding Charles Middlebrooks (employee) permanently and totally disabled as a result of injuries he sustained while employed by H.C. Moore Sons (employer). The employee was further awarded compensation at a rate of $194 per week, including a forty-two week period prior to the date of the trial court's order, during which time the employer had ceased paying the employee compensation.
This appeal followed. We affirm.
The employer first contends that the trial court erred in finding the employee to be permanently and totally disabled. It further *Page 1360 
asserts that the trial court erred in concluding that the employee's average weekly wage was in excess of $500.
Initially, we note that this court's review in workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. Lewis G. Reed Sons, Inc. v. Wimbley,533 So.2d 628 (Ala.Civ.App. 1988). However, if any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236
(Ala. 1990).
Furthermore, this court has held that permanent total disability is the inability to perform one's trade or to obtain reasonably gainful employment. Bankhead Forest Industries, Inc.v. Lovett, 423 So.2d 899 (Ala.Civ.App. 1982). However, "[t]otal disability does not mean absolute helplessness or entire physical disability." Southern Prestressed Concrete,Inc. v. Thomas, 485 So.2d 772, 773 (Ala.Civ.App. 1986).
Finally, we note that it is the duty of the trial court to review the entire evidence, as well as to look to its own observations, in determining the extent of disability. BlueBell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985).
As regards the computation of compensation and the determination of average weekly wage, we note that both are governed by § 25-5-57(b), Ala. Code 1975 (1986 Repl.Vol.). Furthermore, the employee has the burden of presenting evidence for computing his average weekly wage. Cook Transports, Inc. v.Beavers, 528 So.2d 875 (Ala.Civ.App. 1988).
The employer challenges the trial court's finding of permanent total disability by contending that evidence adduced at trial demonstrated that the employee had received post-injury earnings and, thus, that he was not totally disabled as a result of his injuries. We disagree.
While there was evidence that the employee periodically was involved in the purchasing, refurbishing, and resale of mobile homes and that he had, on occasion, been hired and compensated for performing odd jobs, the trial court specifically stated that it did not find such efforts to earn income to be "substantial."
Furthermore, at a hearing on the employer's motion for new trial, the trial court stated that, given such factors as the employee's age, educational training, and the limited availability of employment to someone with injuries such as the employee's, the employee was not capable of obtaining gainful employment.
This conclusion was further substantiated by the testimony of both a medical and a vocational expert, each of whom assessed the employee's injuries as being permanently and totally disabling. Furthermore, the physician testified regarding three separate surgical procedures performed by him and necessitated by the employee's condition. Consequently, in light of such testimony, we find that a reasonable view of the evidence supports the trial court's determination that the employee was permanently and totally disabled.
The employer next contends that the trial court erred in concluding that the employee earned an average weekly wage in excess of $500 prior to his injuries. At trial, the employee introduced into evidence his 1099 forms for the years 1983 and 1984, the latter being the year in which he was injured. His 1983 form revealed that his income for that year was in excess of $102,809. His 1984 form revealed that he earned over $51,000, prior to his accident. Furthermore, the employee testified that, after paying expenses from his gross weekly wage, his net weekly income ranged from $800 to $1,500.
While the employee was questioned on cross-examination as to what expenses were deducted from his gross income, no inquiry was made as to the amounts of such expenses. Such evidence could have reduced the average weekly wage claimed by the employee. See Alterman Transport Lines, Inc. v. Goetzman,430 So.2d 486 (Fla.Dist.Ct.App. 1983). *Page 1361 
Therefore, we find that there was legal evidence to support the trial court's determination that the employee's average weekly wage was in excess of $500.
Consequently, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.