The majority finds that the trial court erred in its legal conclusion drawn from the facts in this case because the trial court incorrectly states that, due to a prior permanent impairment, the employee cannot, as a matter of law, be totally and permanently disabled from this accident. As a result of a previous injury, the employee was earlier adjudged to have sustained a 5% permanent impairment to his earning ability. Because the trial court in the instant action found the employee's impairment to be 60% — and not 95% — I would find that any erroneous conclusion here was, at most, harmless error, if not mere dicta.
In workmen's compensation actions, the burden of proof to satisfy the trial court rests upon the plaintiff. This burden requires the plaintiff to present sufficient evidence to sustain the allegations in the complaint. See H.C. Moore Sonsv. Middlebrooks, 567 So.2d 1359 (Ala.Civ.App. 1990). It is obvious that the employee in this case failed to present evidence sufficient to convince the trial court that total and permanent disability exists. It is not this court's function to reweigh the evidence on appeal. Cook v. Munn, 528 So.2d 881
(Ala.Civ.App. 1988).
The majority appears to base its reversal of the trial court's judgment largely on two things: (1) the trial court's harmless error and (2) uncontradicted testimony from a vocational consultant who maintained that the employee had suffered a 100% impairment to his earning ability. This court has consistently held that an expert witness's opinion as to the percentage of disability or the percentage of loss of earning capacity is not binding upon the trial court, which may look to the entire evidence and to its own observations.Cook, 528 So.2d 881. What is more, the record in this case indicates that the vocational consultant was employed 14 days before the trial, had interviewed the employee only one time, had looked only at records selected by counsel for the employee, and had never made an *Page 521 
independent investigation regarding other employment opportunities for the employee or possible referrals to rehabilitation programs.
A presumption of correctness accompanies a trial court's judgment when it has made findings based on ore tenus evidence, and its judgment should not be reversed unless it is shown to be plainly and palpably wrong. Clark v. Albertville NursingHome, Inc., 545 So.2d 9 (Ala. 1989). The trial court in this case heard the employee and other witnesses testify, observed their demeanor, and drew its own conclusions from medical testimony presented through depositions.
Our standard of review in workmen's compensation cases is clearly established in Ex parte Eastwood Foods, Inc.,575 So.2d 91 (Ala. 1991): If any legal evidence supports the trial court's finding and any reasonable view of that evidence supports the trial court's judgment, this court should affirm. Given that standard, it is clear to me that there is sufficient evidence to support the trial court's judgment and that a reasonable view of that evidence supports the trial court's judgment of 60% permanent partial disability. For this reason, I must respectfully dissent from the majority.