YATES, Judge.
R.C. Nix sued Millard Reynolds, Sr., d/b/a Reynolds Woods Products (Reynolds) to recover workmen’s compensation benefits. Nix, an independent contractor who sold wood to Reynolds, was injured while attempting to fell a tree. Following an ore tenus proceeding, the trial court entered an order dated September 25, 1992, granting Nix recovery. The trial court found Nix’s average weekly wage to be $667.50. Reynolds appeals.
The sole issue on appeal is whether Nix’s “production costs” should have been deducted in calculating his weekly wage, because he is an “independent contractor” and not an “employee”.
Initially, we note that this Court’s review of workmen’s compensation cases is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. Lewis G. Reed & Sons, Inc. v. Wimbley, 533 So.2d 628 (Ala.Civ.App.1988). However, if any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236 (Ala.1990).
Regarding the computation of compensation and the determination of average weekly wage, we note that both are governed by Ala.Code 1975, § 25-5-57(b). Furthermore, the employee has the burden of presenting evidence for computing his average weekly wage. H.C. Moore & Sons v. Middlebrooks, 567 So.2d 1359 (Ala.Civ.App.1990).
In this case, Nix’s income tax returns for the years 1988 through 1991 were not available, and Reynolds was unable to inquire through this vehicle as to Nix’s “production costs” which would have been deductible as business expenses. Reynolds did elicit testimony at trial, however, that identified the amount of business expenses Nix incurred. On cross-examination Nix testified that he spent between $700 and $800 a month to maintain his truck and equipment, and paid approximately $150 a week in compensation to his employees.
In previous cases this Court has addressed the issue of whether “production costs” should have been deducted from earnings before an average weekly wage is computed. In Cook Transports, Inc. v. Beavers, 528 So.2d 875 (Ala.Civ.App.1988), an injured truck driver argued that his average weekly earnings should not be reduced by business expenses such as food, fuel and repairs. The trial court agreed. Citing, Alternan Transport Lines, Inc. v. Goetzman, 430 So .2d 486 (Fla.Dist.Ct.App.1983), this Court affirmed on the ground that the employer had failed *459 to present evidence of the actual amount of expenses that could have reduced the employee’s average weekly wage.
In H.C. Moore & Sons, supra., this Court again affirmed the trial court’s refusal to reduce the average weekly earnings by an employee’s business expenses because the employer again failed to identify the amount of the business expenses. This Court again cited Alterman Transport Lines Inc., supra, stating that such evidence could have reduced the average weekly wage claimed by the employee.
In the instant case Nix testified that he paid between $700 and $800 in maintaining his equipment and $150 a week in compensation to his employees. In calculating compensation, we add to earnings fringe benefits that are part of the wage contract that could be converted to the cash equivalent. See Ala.Code 1975, § 25-5-57(b); North River Ins. Co. v. Purser, 608 So.2d 1379 (Ala.Civ.App.1992). Accordingly, there should be a reduction for any “production costs”.
This court finds that the trial court should have reduced Nix’s average weekly wage by that amount testified to as production costs. Therefore, the judgment of the trial court is due to be reversed and remanded for further proceeding consistent with this opinion.
REVERSED and REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.