WEBSTER, Judge.
In this workers’ compensation case, the employer and earner raise two issues: (1) whether the judge of compensation claims erroneously included in the computation of claimant’s average weekly wage payments made by the employer to claimant for the rental of claimant’s truck; and (2) whether the record contains competent, substantial evidence to support the assignment of a 13.5-pereent permanent impairment rating. As to the latter issue, we conclude that the record does contain competent, substantial evidence to support the finding of the judge of compensation claims. Accordingly, we affirm as to that issue without further discussion. However, we conclude that the judge of compensation claims misapplied the law when he determined that truck rental payments made by the employer to claimant should be included in the average weekly wage computation. Therefore, we reverse as to the first issue.
At the time of his accident, claimant was employed as a “courier guard.” His duties consisted principally of picking up and delivering packages. He worked an average of 55 hours per week, for which he received an hourly wage of $4.00. As a condition precedent to his employment, claimant was required to have a van suitable for deliveries, and to enter into a “Motor Vehicle Equipment Lease” leasing the van to the employer.
The “Motor Vehicle Equipment Lease” required claimant to lease his van to the employer for “the hours on a given day during which the [van was] actually being operated within the course and scope of [claimant’s] business operations.” At his expense, claimant was to keep the van in a state of repair “adequate to perform the courier services which are contemplated by the parties”; to ensure that “all federal, state and local laws and regulations” were complied with; and to “pay all taxes and licenses for ownership or use of said [van] and all other sums incident to the operation of said [van].” In return, the employer agreed to pay claimant “a daily rent ... at a floating rate calculated as follows:”
From a base factor of $120.00, to be paid for each full day in which [the employer] uses the vehicle, [the employer] shall subtract the earned wages of [claimant], whose wage rate is $4.00 per hour, for operating the [van] on said day, with the remainder being equipment rent for said day.
The judge of compensation claims concluded that claimant’s average weekly wage was $600.00 (the “base factor” of $120.00 specified in the “Motor Vehicle Equipment Lease” multiplied by claimant’s *166 normal 5-day workweek). In support of his decision, the judge of compensation claims cited Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982), which he believed to be controlling. On appeal, the employer and carrier argue that the judge of compensation claims arrived at an incorrect average weekly wage because Thomas is in-apposite. Instead, they assert that the controlling case law is found in Alterman Transport Lines, Inc. v. Goetzman, 430 So.2d 486 (Fla. 1st DCA 1983), and Dickerson, Inc. v. McCleary, 498 So.2d 651 (Fla. 1st DCA 1986). According to the employer and carrier, the correct average weekly wage is $220.00. They arrive at this figure by multiplying claimant’s hourly wage rate ($4.00) by the average number of hours claimant worked weekly (55). They contend that the difference between $600.00 (the daily “base factor” of $120.00 specified in the “Motor Vehicle Equipment Lease” multiplied by claimant’s average 5-day workweek) and $220.00 represents the weekly rental value of claimant’s van which, according to Goetzman and McCleary, may not be considered in computing claimant’s average weekly wage. We agree with this analysis.
For purposes of computing one’s average weekly wage, “ ‘[wjages’ means the money rate at which the service rendered is recompensed under the contract of hiring....” § 440.02(24), Fla.Stat. (Supp.1990) (emphasis added). In McCleary, this court held “that when an employee furnishes both services and equipment, and the furnishing of equipment is a specified and substantial portion of the contract, the amount legally attributable to rental of the equipment should not be included in determining the employee’s average weekly wage” because the legislature did not intend that rent paid be included in the definition of “wages.” 498 So.2d at 652.
Unlike McCleary, Thomas was not concerned with whether rent paid by the employer to the employee for use of equipment should be considered in computing the employee’s average weekly wage. Instead, the issue in Thomas was whether a $90.00 “weekly expense allowance” paid to all employees regardless of whether any expenses were actually incurred should be included in computing the claimant’s average weekly wage. The deputy commissioner concluded that it should, and this court affirmed. The factual recitation in Thomas is sketchy, and the opinion does not include the reasoning upon which the conclusion was based. Nevertheless, we have little difficulty distinguishing Thomas from McCleary, and from the situation presented by the facts of this appeal.
Given the facts that are recited in Thomas, it seems to us that a fact-finder might reasonably conclude that the “weekly expense allowance” was, in reality, merely a part of the remuneration for the employee’s services. Such a conclusion would certainly be permissible, given that the same “weekly expense allowance” was paid to all employees, regardless of whether any expenses had been incurred. In contrast, in McCleary there was no question about the fact that, of the $15.00 per hour paid to the claimant, $5.00 was attributable to the claimant’s labor and $10.00 was attributable to rent for the use of the claimant’s equipment.
Where the furnishing of equipment by the employee is a substantial portion of the employment contract and the employer claims that a portion of the payments made to the employee represents rent for use of the equipment, the burden rests upon the employer to prove what portion of the payments is attributable to rent, rather than to services. Goetzman, 430 So.2d at 487. It is clear from the record before us that the employer met this burden. The “Motor Vehicle Equipment Lease,” itself, specifies that the daily “equipment rent” for claimant’s van shall be $120.00 less the wages earned by claimant that day based upon his hourly wage rate of $4.00. Unlike Goetzman, there is no suggestion in the record before us that the amount designated in the “Motor Vehicle Equipment Lease” as rent for the use of claimant’s van did “not represent the parties’ good faith contractual assessment of actual [rental] value.” Id. On the contrary, the evidence clearly establishes that the designated amount is a reasonable approximation of claimant’s costs associated with the van.
We find McCleary controlling. On the record before us, we conclude that no portion *167 of the sum specified as rent for claimant’s van should have been considered in computing claimant’s average weekly wage. Instead, claimant’s average weekly wage should have been based upon only his hourly wage rate ($4.00) multiplied by the average number of hours worked per week (55). This results in an average weekly wage of $220.00.
We affirm the 13.5-percent permanent impairment rating assigned by the judge of compensation claims. However, we reverse the average weekly wage computation and remand with directions that the judge of compensation claims determine claimant’s compensation rate based upon an average weekly wage of $220.00.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS and KAHN, JJ., concur.