431 So.2d 684 (1983)
FLORIDA POWER CORP., Appellant,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, et al., Appellees.
No. AP-427.
District Court of Appeal of Florida, First District.
May 4, 1983.
*685 Gary P. Sams, and Peter C. Cunningham, of Hopping, Boyd, Green & Sams, Tallahassee, for appellant.
John Bottcher, Deputy Gen. Counsel, and Martha Harrell Hall, Asst. Gen. Counsel, Tallahassee, for appellee DER; David Gluckman, Tallahassee, for appellees American Lung Assoc. and Florida Audubon Society.
ROBERT P. SMITH, Jr., Chief Judge.
Florida Power appeals from a declaratory statement of the Department of Environmental Regulation, §§ 120.565, .68, Fla. Stat. (1981), stating that section 403.511(5)(b), Florida Statutes (1981), is inapplicable in stated circumstances. Florida Power is certificated to operate its Crystal River electrical power plant in such a way as to emit sulphur dioxide within certain stated limitations derived at the time of certification, in 1978, from Florida Administrative Code Rule 17-2.04 (1978). The Department now declares that Florida Power may not by self-executing choice operate the plant instead in compliance with new Rule 17-2.500 (1981), which in the circumstances at Crystal River would yield less stringent emission restrictions. Section 403.511(5)(b), Florida Statutes (1981), permits a certificate holder such a self-executing choice, independent of section 120.57 proceedings in which others may be heard, only if the "rule subsequently adopted by the department ... prescribes criteria more lenient than the criteria required by the terms and conditions in the certification which are not site-specific."
Because the emission limitations imposed on the Crystal River plant in 1978 were derived in part from its geographical proximity to a wilderness area so classified in the Department's scheme of things, the Department declared the conditions of its operation as "site-specific" and therefore as ineligible for a self-executing choice by the certificate holder, under section 403.511(5)(b), to adhere instead to the less stringent restrictions on sulphur dioxide emissions that would be yielded, no other factors intervening, by the new rule. By way of elaborating the statutory term "site-specific," the Department concluded its discussion of the issue in this way:
A site-specific condition, therefore, is a condition peculiar to a certain electric power plant site as opposed to a generalized condition applicable to all power plants.
We are not concerned with whether the Department's implementing interpretation of the critical statutory term is the only one possible; nor are we concerned with whether, by our lights, that interpretation is the most desirable one given the statutory scheme as we perceive it. It is enough that the Department's implementing interpretation is a permissible one, sufficiently expounded by the Department's declaratory statement. See Department of Administration, et al. v. Nelson, 424 So.2d 852 (Fla. 1st DCA 1982); Florida Commission on Human Relations v. Human Development Center, 413 So.2d 1251 (Fla. 1st DCA 1982); State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981); ABC Liquors, Inc. v. Department of Business Regulation, 397 So.2d 696 (Fla. 1st DCA 1981). Those prerequisites being met by the declaratory statement, the Department's action is AFFIRMED.
SHIVERS and WIGGINTON, JJ., concur.