491 So.2d 1192 (1986)
TRI-STATE SYSTEMS, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. BC-356.
District Court of Appeal of Florida, First District.
July 15, 1986.
James J. Richardson, of Richardson Law Office, P.A., Tallahassee, and Robert R. McDonald, of Roberts, Baggett, LaFace & Richard, Tallahassee, for appellant.
Franz Dorn, Tallahassee, for appellee.
*1193 MILLS, Judge.
Tri-State Systems, Inc. appeals from a final administrative order denying its application for an outdoor advertising permit pursuant to Chapter 479. We affirm.
In 1972, the State agreed to make provisions for effective control of the erection and maintenance of outdoor advertising signs which are within six hundred and sixty (660) feet of the nearest edge of the right-of-way and visible from the maintraveled way. To that end, Section 479.11(1) provides that no sign shall be erected in this area except in zoned or unzoned commercial areas. The latter is defined by Section 479.01(10) as "an area within 660 feet of the nearest edge of the right-of-way of the interstate ... in which there is located one or more industrial or commercial activities generally recognized as commercial or industrial by zoning authorities in this state ..." (emphasis supplied).
Tri-State applied for an outdoor advertising permit pursuant to Chapter 479, relying for the required commercial activity on a cable-TV broadcasting tower. The issue before the hearing officer in this case was whether such a tower was "commercial activity" sufficient to support the issuance of the permit. The hearing officer found that it was not and recommended that the permit be denied. The agency adopted this recommendation and denied the application in the final order herein appealed.
There is no statutory definition of "commercial activity" other than that the activity should be "generally recognized as commercial or industrial by zoning authorities of the state." Agency determinations with regard to a statute's interpretation will receive great deference in the absence of clear error or conflict with legislative intent. Sans Souci v. Division of Land Sales and Condominiums, 421 So.2d 623, 626 (Fla. 1st DCA 1982); Department of Environmental Regulation v. Goldring, 477 So.2d 532, 534 (Fla. 1985). Its interpretation of the critical term, here "commercial activity," does not have to be the only one or the most desirable one; it is enough if it is permissible. Florida Power Corp. v. Department of Environmental Regulation, 431 So.2d 684 (Fla. 1st DCA 1983).
Here, the agency's interpretation was supported by evidence that the zoning codes of two Florida cities relegate broadcast towers to an agricultural rather than an industrial classification. Because there is competent, substantial evidence to support the agency's conclusion that "commercial activity" does not include a broadcast tower, we affirm.
WENTWORTH and NIMMONS, JJ., concur.