PER CURIAM.
Metropolitan Dade County appeals from a declaratory statement of the Department of Highway Safety and Motor Vehicles in which the Department offered its interpretation of a law mandating the provision of handicapped parking spaces. Because we find the Department’s interpretation permissible, we affirm.
Metropolitan Dade County’s Department of Building and Zoning (County), petitioned for a declaratory statement from the Department of Highway Safety and Motor Vehicles (Department). As a local enforcement authority for state and local laws affecting construction, the County claimed responsibility for enforcing handicap accessibility provisions. To assist the County in exercising its enforcement responsibilities, the Department was asked to interpret the 1989 amendment to section 316.1956(1), Florida Statutes, which requires that “[a]ny commercial real estate property owner offering parking for the general public” must also provide handicapped parking spaces.[1] Specifically, the Department was asked for its interpretation of the phrase “commercial real estate property.”
Although the Department issued the declaratory statement, it noted that it was local governments and code enforcement agencies, and not the Department, that had the primary responsibility for obtaining compliance with handicap access provisions.[2] With this caveat, the Department proceeded to interpret the statute. Using a dictionary, the Department found that the term “commercial” referred to an activity or venture motivated by profit. The phrase “commercial real estate property” *1022 would therefore refer to commercially zoned property upon which a business for profit was being conducted.
On appeal, the County argues that the Department’s interpretation is too narrow and fails to comport with legislative intent. The County raises the possibility of absurd results, and offers as an example the nonprofit corporation that would be required to provide specific accommodations for the handicapped at access points to its building as well as inside the building, but would not be required, under the Department’s interpretation, to provide parking spaces.
Whether the County’s alternative interpretation is permissible, logical or more desirable than that of the Department is not dispositive of the issue before us. In reviewing a declaratory statement it is sufficient that the Department has offered a permissible interpretation of the critical statutory term. See Florida Power Corp. v. Department of Environmental Regulation, 431 So.2d 684 (Fla. 1st DCA 1983). We find that the Department has offered a permissible interpretation within the plain and ordinary meaning of the statute, and we decline the County’s invitation to compare the relative merits of the two interpretations.
Accordingly, the Department s declaratory statement is AFFIRMED.
SMITH, WIGGINTON and WOLF, JJ., concur.

. The amendment to section 316.1956(1) provides:
Any commercial real estate property owner offering parking for the general public shall business, firm, or other person licensed to do business with the public may provide specially designed and marked motor vehicle parking spaces for the exclusive use of physically disabled persons who have been issued parking permits pursuant to s. 316.1958 or s. 320.-0848. The minimum number of such parking spaces shall be as provided in s. 316.-1955(2)(c).
Ch. 89-97, § 3, Laws of Fla.

. We have not been asked to decide whether and to what extent one of the parties has primary enforcement responsibility. The question has not been raised and we offer no opinion on the matter.