PER CURIAM.
Appellant John R. Nelson was denied unemployment compensation benefits because, following a term of temporary employment, he did not return to the employer who had previously employed him, as required by section 443.101(l)(a)l., Florida Statutes (1991). Nelson argues that his actions came within the exception provided in section 443.101(l)(a)l., so as to entitle *57 him to the unemployment benefits. We affirm the order under review.
In the second half of 1991, Nelson, a union electrician, was unemployed. In January 1992, he accepted a temporary position at the Dade County Aviation Department. On March 18, 1992, Nelson was notified that work was available through the union with full pay and benefits. He immediately left the temporary position and went to work for a union electrical contractor.
Section 443.101(l)(a)l. provides that an individual who has voluntarily left work without good cause as defined in the statute shall be disqualified from receiving benefits. However, that section also provides that “[a]n individual shall not be disqualified under this subsection for voluntarily leaving temporary work to return immediately when called to work by the permanent employing unit that temporarily terminated his work within the previous 6 calendar months.” § 443.101(l)(a)l., Fla.Stat. (1991). (emphasis added)
For a number of years Nelson has worked for various employers through a referral system under his union labor contract. All of Nelson’s employment has been in the same trade and, he claims, under the same conditions expressly governed by the labor contract. Nelson points out that contractors contribute to a common fund for employee health insurance coverage and for retirement benefits. He argues that considering these facts, the union should be considered the employing unit and he should not be disqualified from receiving benefits.
The appeals referee found that Nelson voluntarily left his employment and that he did so because he had an opportunity to get union work, which was more advantageous to him. The decision of the appeals referee clearly reflects that the referee considered the argument that the union was an employment unit and rejected that argument. The referee’s decision observed that section 443.036(18) defines an employment unit in some detail and makes no provision for the situation outlined here.
The Unemployment Appeals Commission found the decision of the appeals referee to be in accord with the essential requirements of law. A reviewing court must defer to an agency’s interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial competent evidence. Public Employees Relations Comm’n v. Dade County Police Benevolent Ass’n, 467 So.2d 987 (Fla.1985). Here, the agency, familiar with the facts and the law, rejected Nelson’s argument.
Accordingly, the order under review is affirmed.