FRANK, Chief Judge.
The controversy we now review arose when the West Coast Regional Water Authority resisted a public documents request initiated by Smith & Williams, P.A., pursuant to chapter 119, Florida Statutes, the Public Records Law. Smith & Williams sought to inspect certain documents and invoices associated with the services rendered by and the fees paid to private attorneys representing the Authority in litigation against a client represented by Smith & Williams. The Authority eventually delivered its documents to Smith & Williams, but not before “blocking out” most notations.
In redacting its records, the Authority relied upon section 119.07(3)(n), Florida Statutes (1991), a provision in the public records law exempting the work product of an agency attorney. Smith & Williams objected to the records and threatened the Authority with a lawsuit. The Authority reacted by initiating its own action for declaratory relief, and Smith & Williams counterclaimed to enforce compliance with chapter 119. At the conclusion of a hearing and an in camera inspection, the trial court disallowed the exemption and, for the most part, ordered unqualified disclosure of the invoices but permitted the Authority to protect those items genuinely reflecting its “mental impression, conclusion, litigation strategy, or legal theory.” In the face of that success, Smith & Williams moved to recover attorney’s fees and costs pursuant to chapter 119. The trial court denied the motion despite acknowledging that disclosure had properly been ordered. The trial court determined that the Authority had not “unlawfully refused” the request, which would warrant invocation of the attorney’s fee sanction prescribed in section 119.12(1), Florida Statutes (1991).[1] In our judgment, the trial court relied upon the wrong statute.
The attorney’s fee provision operative in the present setting is found in section 119.-07(3)(n),[2] the very statute empowering the Authority to purge portions of the documents requested by Smith & Williams.
*218 With the enactment of section 119.07(3)(n), the Florida Legislature created a limited privilege against disclosure encompassing the work product of agency attorneys. Specifically, that section exempts from revelation, pending the conclusion of the litigation, any records prepared by or at the express direction of an agency’s attorney which reflect a mental impression, conclusion, litigation strategy, or legal theory formed or prepared in anticipation of civil or criminal litigation. The statute provides, however, that “[i]f a court finds that the document or other record has been improperly withheld under this paragraph, the party seeking access to such document or record shall be awarded reasonable attorney’s fees and costs” incurred in securing disclosure. § 119.07(3)(n), Fla.Stat. (1991) (emphasis added).
The Authority, by substantially redacting the requested invoices, “improperly withheld” certain nonexempt material from Smith & Williams. As a result, the Authority is liable for the costs incurred by the law firm in obtaining disclosure. In our view, the inclusion of an attorney’s fee sanction in section 119.07(3)(n) was prompted by the legislature’s concern that government entities might claim the work product privilege whenever public access to their records is demanded.[3] With the enactment of section 119.07(3)(n), an agency’s refusal to produce the so-called “work product” of its attorney might initially be lawful, but if such refusal is ultimately determined to be “improper,” as occurred here, the exemption does not apply. Any other conclusion would render the attorney’s fee language of section 119.07(3)(n) meaningless. Compare Johnson v. Feder, 485 So.2d 409, 411 (Fla.1986); Times Publishing Co. v. Williams, 222 So.2d 470 (Fla. 2d DCA 1969) (courts are not to presume that a given statute employs useless language).
Because the trial court found that Smith & Williams was entitled to disclosure of the bulk of the information it requested, it follows that disclosure was improperly withheld. Accordingly, we reverse and remand to permit the trial court to determine and award an appropriate attorney’s fee and costs.
Reversed and remanded.
ALTENBERND and LAZZARA, JJ., concur.

. Section 119.12(1) provides:
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorney’s fees.

. Section 119.07(3)(n) provides:
A public record which was prepared by an agency attorney (including an attorney employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney’s express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from the provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings. When asserting the right to withhold a public record pursuant to this paragraph, the agency shall identify the potential parties to any such criminal or civil litigation or adversarial administrative proceedings. If a court finds that the document or other record has been improperly withheld under this paragraph, the party seeking access to such document or record shall be awarded reasonable attorney’s fees and costs in addition to any other remedy ordered by the court.

. Our research has disclosed no Florida decision passing upon the attorney's fee provision found in section 119.07(3)(n).