666 So.2d 254 (1996)
TURNBERRY ISLE RESORT AND CLUB, Appellant,
v.
Madoc D. FERNANDEZ, et al., Appellees.
No. 94-685.
District Court of Appeal of Florida, Third District.
January 17, 1996.
*255 Fisher & Phillips and Christopher D. Robinson, Ft. Lauderdale, for appellant.
John D. Maher, Tallahassee, for appellees.
Before NESBITT, BASKIN and GREEN, JJ.
NESBITT, Judge.
Turnberry Isle Resort and Club appeals from a final order of the Florida Unemployment Appeals Commission in favor of Madoc Fernandez. We reverse.
Fernandez, the claimant below, filed for unemployment compensation benefits on June 27, 1993. Fernandez had been unemployed since his employment with Turnberry ended in May, 1992. He received weekly unemployment benefits of $122.00 during the next year, from June 1993 through June 1994. The record shows that Fernandez did not work during that benefit year. At the end of that benefit year, Fernandez received a determination from the Florida Department of Labor Unemployment Compensation Division (Division) stating that he was ineligible to receive further unemployment compensation benefits because he had not performed services earning three times his weekly benefit amount since he originally filed his claim for benefits. Fernandez was required to earn $366.00 to meet the requalifying requirement.
One month after being notified of his ineligibility, Fernandez worked at moving and assembling a piano, for which he was paid $230.00. Two weeks later he performed landscaping and pool cleaning services, for which he was paid $150.00, $40.00 of which was for pool chemicals. When Fernandez reapplied for unemployment benefits, claiming that he had met the requalifying requirement by earning a total of $380.00, the Division issued a determination that Fernandez had met the requalifying terms, and reinstated his unemployment benefits. Turnberry appealed, and after a formal hearing the claims officer ruled in Fernandez's favor. The Unemployment Appeals Commission affirmed, and Turnberry now appeals that affirmance.
Section 443.091(2), Florida Statutes (1993), provides in part:
No individual may receive benefits in a benefit year unless, subsequent to the beginning of the next preceding benefit year during which he received benefits, he performed service, whether or not in employment as defined in s. 443.036, and earned remuneration for such service in an amount equal to not less than 3 times his weekly benefit amount as determined for his current benefit year. (emphasis added).
*256 At issue is whether the "remuneration" referred to in section 443.091(2) includes materials and supplies such that Fernandez can claim that the $40.00 he spent on pool chemicals, out of the $150.00 he was paid for the job, can be considered part of the total remuneration necessary for determining his eligibility for unemployment benefits.
"Remuneration" is not defined within Chapter 443. Under the doctrine of noscitur a sociis the meaning of statutory terms, and the legislative intent behind them, may be discovered by referring to words associated with them in the statute. Cepcot Corp. v. Department of Bus. and Prof. Regulation, 658 So.2d 1092, 1095 (Fla. 2d DCA 1995). Here, an individual seeking benefits must earn "remuneration for such service" performed within the allotted time frames. To "remunerate" is defined as, "to pay an equivalent to (a person) for a service, loss, or expense." Webster's Third New International Dictionary 1921 (1986) (emphasis added). Clearly, the legislature chose to define the remuneration a claimant needed to earn by referring to the service performed and not the expenses incurred. Had it chosen to do so, it could have included remuneration for service and expenses, however, it stopped at service.[1]
We acknowledge that an agency's interpretation of a statute, with which it is legislatively charged with administering, shall be accorded great weight and should not be overturned unless clearly erroneous, arbitrary, or unreasonable. Cargill, Inc. v. Hill, 503 So.2d 1340, 1342 (Fla. 1st DCA 1987) (quoting Department of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815 (Fla. 1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984); 76 Am.Jur.2d Unemployment Compensation § 17 (1992).
An agency's construction of a statute, however, must have some nexus to the context of the statute. Cepcot Corp., 658 So.2d at 1095. Although chapter 443 should be accorded a liberal interpretation to fulfill its beneficent purpose, there is neither reason nor policy expressed in the language of the statute to support the view that reimbursement for supplies should be considered remuneration for service performed. A rule of liberal construction may not be employed to support a conclusion that has no basis either in the statute, rules of the commission, sound business practice, or common sense.
The dissent has read section 443.091(2) out of context. It points only to a connecting clause of that sentence which in part provides for benefits "whether or not employed as defined in s. 443.036." The fallacy in that observation is the neglected aspect of the statute. It fails to recognize that the clause must be read in conjunction with that which follows which explicitly provides: "and earns remuneration for such service... ." The dissent reads the statute in the disjunctive while it plainly provides for benefits to be calculated based upon "earned remuneration." The statute must be read in the conjunctive.
Finally, the $150.00 that claimant aggregated in order to attain the threshold amount was not paid, as the dissent suggests, "without differentiation as to any cost incurred." Instead, from the claimant's own testimony in his case-in-chief, he testified he received $110.00 for his service and $40.00 for reimbursement of "pool supplies."[2]
Reversed.
GREEN, J., concurs.
*257 BASKIN, Judge (dissenting).
I would affirm the order of the Commission adopting the appeals referee's decision awarding claimant unemployment benefits. "[A] reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence." Public Employees Relations Comm'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987, 989 (Fla. 1985); Nelson v. Dade County Aviation Dep't, 616 So.2d 56 (Fla. 3d DCA 1993). The Commission's decision is not contrary to the language of section 443.091(2), Florida Statutes (1993), and the Commission, the agency entrusted with the interpretation of this section, rejected the employer's argument.
Section 443.091(2) states:
No individual may receive benefits in a benefit year unless, subsequent to the beginning of the next preceding benefit year during which he received benefits, he performed services, whether or not in employment as defined in s. 443.036, and earned remuneration for such service in an amount equal to not less than 3 times his weekly benefit amount as determined for his current benefit year.
(emphasis supplied). Pursuant to chapter 443, an individual may qualify for benefits if he performed services and earned sufficient remuneration in a benefit year.[3] The statute expressly provides that such remuneration need not be earned pursuant to employment as defined in the chapter. Apparently, remuneration from self-employment is permissible under the statute. Such employment may require equipment or supplies necessary to perform the required services. However, the statute does not state that supplies may not be included in the amount earned. Section 443.031, Florida Statutes (1993), requires that "[t]his chapter shall be liberally construed to accomplish its purpose ... to provide through the accumulation of reserves for the payment of compensation to individuals with respect to their unemployment." In construing the phrase "remuneration for such service" to exclude supplies, the majority violates the express legislative mandate and strictly, rather than liberally, construes the statute. Moreover, the majority apparently ascribes a literal meaning to the term `service' in contravention of the legislative intent. See Holly v. Auld, 450 So.2d 217 (Fla. 1984); Cepcot Corp. v. Department of Business & Professional Reg., 658 So.2d 1092 (Fla. 2d DCA 1995).
Under the Worker's Compensation Act, "wages" is defined, in part, as "the money rate at which the service rendered is recompensed under the contract of hiring." § 440.02(24), Fla. Stat. (1993).[4] In determining the amount of wages:
[W]hen an employee furnishes both services and equipment, and the furnishing of equipment is a specified and substantial portion of the contract, the amount legally attributable to rental of the equipment should not be included in determining the employee's average weekly wage.
Dickerson, Inc. v. McCleary, 498 So.2d 651, 652 (Fla. 1st DCA 1986); Pony Express Courier v. Blair, 632 So.2d 164 (Fla. 1st DCA 1994). I would apply that principle in determining the amount of claimant's remuneration under chapter 443. Here, however, claimant was not paid separate specified amounts for services and supplies; he was paid $150 without differentiation as to any *258 costs incurred.[5] The appeals referee properly concluded that the entire amount was payment for services and that claimant earned the requisite remuneration to requalify for benefits. An agency's interpretation of an undefined term "does not have to be the only one or the most desirable one; it is enough if it is permissible." Tri-State Sys., Inc. v. Department of Transp., 491 So.2d 1192, 1193 (Fla. 1st DCA 1986). The referee apparently concluded that the statute does not limit the amount to net remuneration after costs and supplies. "If a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily construed as excluding from its operation all those matters not expressly mentioned." Sun Coast Int'l, Inc. v. Department of Business Regulation, 596 So.2d 1118, 1121 (Fla. 1st DCA 1992). Here, the statute does not provide for net remuneration; therefore, the majority errs in so construing the statute. The record supports the referee's findings; this court, therefore, should not disturb those findings. Perez v. State, Dep't of Labor & Employment Sec., Appeals Comm'n, 377 So.2d 806 (Fla. 3d DCA 1979).
The majority misreads the rule stated in Dickerson, which addresses cases where "the furnishing of equipment is a specified and substantial portion of the contract." Id. at 652. That scenario is inapplicable to this case. Here, the claimant was paid a certain amount without regard to the expenses he might incur; in Dickerson, the employer agreed to pay the employee a separate amount for labor and equipment. Furthermore, the First District recognized the difference between these situations and stated:
The order assumes that in common practice a worker and his tools may be an "indivisible wage earning unit," so that a worker might be paid a wage for service which includes a stipulation that personal tools be used. Whether or not that assumption is correct, we are unable to avoid the deputy's factual determination that in this case the parties' agreement, in both form and substance, was for payment of "$5.00 per hour for his labor and $10.00 per hour for the use of his equipment." The term "labor" clearly equates with "service" under the statute, supra, and not with a payment found to have been made for use of equipment, i.e., property.
Dickerson, 498 So.2d at 652 (emphasis supplied). As the referee stated in rejecting the employer's contention that the money spent should be deducted from the amount earned: "Although the claimant did use some of his money in order to perform his services, that sum shall not be deducted from consideration of whether or not a claimant has earned sufficient remuneration just because he use[d] money in order to perform his services." The statute expressly provides for services performed pursuant to self-employment. Common sense dictates that a person incurs some cost in providing virtually every service he may perform in that capacity. The referee's definition is both permissible, Tri-State Sys., 491 So.2d at 1193, and in accordance with the legislative intent. Herman v. Florida Dep't of Commerce, 323 So.2d 608, 609 (Fla. 3d DCA 1975). In any event, if there is any doubt as to which construction should be applied, we must construe the statute in favor of the claimant. Commonwealth Life Ins. v. Walters, 581 So.2d 643 (Fla. 3d DCA 1991).
I am unable to agree with a majority decision which "has departed from the purpose of the Unemployment Compensation Law, which is `remedial, humanitarian legislation ... [that] should be liberally and broadly construed.'" Herman, 323 So.2d at 609 (Fla. 3d DCA 1975) (quoting Williams v. State, Dep't of Commerce, 260 So.2d 233, 234 (Fla. 1st DCA), cert. denied, 264 So.2d 427 (Fla. 1972)). Accordingly, I would affirm the order.
NOTES
[1] Contrary to the dissent's suggestion, the statute itself, by using the phrase "earned remuneration for such service," has provided for "net remuneration."
[2] Dickerson, Inc. v. McCleary, 498 So.2d 651 (Fla. 1st DCA 1986), cited by the dissent, strongly supports, rather than contradicts, our position. That case involved an employer appealing from a workers' compensation order awarding the claimant benefits at an average weekly wage based on the total of his hourly wage and equipment rental payments paid to him by his employer. The court noted the deputy's factual determination that under the employee's agreement, his employer would pay him $5.00 per hour for labor and $10.00 per hour for the use of his equipment. The statutory definition of "wages" referred to "service rendered." In holding for the employer the court noted, "The term `labor' clearly equates with `service' under the statute ... and not with a payment found to have been made for use of equipment, i.e., property." Id. at 652 (emphasis added). Similarly, in the instant case, the remuneration earned does not include amounts found to have been paid for the purchase of pool supplies.
[3] Contrary to the majority's assertion, the dissent has not read section 443.091(2) in the disjunctive. Maj. op. at 256. The dissent reiterates the statutory language providing that a claimant must perform services and earn sufficient remuneration.
[4] In defining the term `wages,' the Unemployment Compensation Law provides that the term "means all remuneration for employment, including commissions, bonuses, back pay awards, and the case value of all remuneration paid in any medium other than cash." § 443.036(33)(a), Fla. Stat. (1993). Section 443.036(33)(b) provides the payments which should not be included as `wages.' That section does not exclude the cost of providing services. See Commonwealth Life Ins. v. Walters, 581 So.2d 643 (Fla. 3d DCA 1991) (where legislature excludes some remuneration from definition of wages "[t]he legislature's decision to use the broader, generic term `remuneration' rather than statutorily defined term `wages' must be given effect.").
[5] The majority misstates the record as to whether claimant was paid $150 without differentiation as to costs. The record contains a receipt for services performed by claimant which states that claimant was "paid [claimant] $150.00 for the services of landscaping and cleaning the pool." In addition, claimant testified that he was paid $150 and he spent about $40 for chemicals; he did not testify that he charged $110 for his services and $40 for chemicals.