Ms. Angela M. Hill Attorney for the East County Water Control District 1154 Lee Boulevard, #6 Lehigh Acres, Florida 33936
Dear Ms. Hill:
On behalf of the Board of Supervisors of the East County Water Control District, you have requested my opinion on substantially the following question:
Is the East County Water Control District authorized to lease, sell or otherwise convey or dispose of its surplus real property for the purpose of raising revenue for the district?
Section 189.429, Florida Statutes, requires each special district to codify its special acts into a single act to be reenacted by the Legislature. Chapter 2000-423, Laws of Florida, represents the recodification of all special acts relating to the East County Water Control District.[1] The act preserves all district authority provided therein and in chapters 189 and 298, Florida Statutes.[2]
The East County Water Control District is an independent special district located in Lee and Hendry Counties.[3] The district is administered by a five-member board of supervisors who are elected at large for a term of four years by the electors residing in the district.[4] Members of the board are reimbursed for their expenses as provided in section 112.061, Florida Statutes, and are paid a fee of $250.00 per calendar month during their term of office.[5]
Pursuant to the act:
"The District shall have and the Board may exercise and hold all powers, functions, and duties set forth in this act and chapters 189, 197, and 298, Florida Statutes, as they may be amended from time to time, including but not limited to, non-ad valorem assessments, bond issuance, other revenue-raising capabilities, budget preparation and approval, liens and foreclosure of liens, use of tax deeds and tax certificates as appropriate for non-ad valorem assessments, and contractual agreements."[6]
Thus, the act recognizes several revenue-raising tools available to the district, including non-ad valorem assessments and bond issuance.
Reference to these revenue-raising methods may also be found in the statutory chapters upon which the district may rely for authority. Section 189.404(3)(b), Florida Statutes, substantially tracks the terms of the charter provision quoted above. The statute also requires that a district's charter address the procedures and requirements for issuing bonds if the district is authorized to issue bonds, and the methods for collecting non-ad valorem assessments, fees, or service charges.[7] The act requires that the district charter contain methods for district financing.[8]
Chapter 298, Florida Statutes, provides generally for the formation and operation of water control districts.[9] This chapter recognizes the authority of water control districts to collect and enforce non-ad valorem assessments levied by the district. Pursuant to Chapter 298, water control districts may levy acreage assessments, drainage taxes, maintenance taxes, and bonds.[10]
It is a rule of statutory construction that words take on meaning from their context or their association with other words in the statute. The meaning of statutory terms, and the legislative intent behind them, may be discovered by referring to words associated with them in a statute.[11] Thus, the phrase "other revenue-raising capabilities" in the East County Water Control District's charter takes meaning from the words associated with that phrase in the act. The phrase is preceded by a reference to non-ad valorem assessments and bond issues. It is my opinion that the term "other revenue-raising capabilities" does not encompass the sale by the district of surplus real property. Rather, this authority appears to relate to more conventional revenue-producing activities such as levying taxes or other assessments or issuing bonds.
The authority of a special district to convey real property purchased by the district with public funds would appear to be a substantive power for which specific statutory authorization must exist. In Attorney General's Opinion 86-90, this office considered whether the governing board of the Loxahatchee River Environmental Control District was authorized to grant a long-term lease for surplus real property to a nonprofit private organization. While concluding that the district had no authority to grant such a lease to a nonprofit private organization, the opinion noted that the district had a broad grant of legislative authority to convey surplus real property to other governmental agencies. The special act controlling the district provided:
The board shall have the power to transfer, sell, or assign any of the property of the district which it finds is not needed to carry out the purposes of this act to any other governmental agency at whatever terms it deems reasonable.[12]
The East County Water Control District does not possess such broad general authority.
Water control districts do possess certain express statutory authority to sell property. Section 189.423, Florida Statutes, authorizes an independent special district to sell a water, sewer, or wastewater reuse utility under specified circumstances. In addition, a water control district is authorized by s.298.22(3) and (4), Florida Statutes, to sell certain fixtures and appurtenances to real property such as pumping stations, including pumping machinery, motive equipment, electric lines and appurtenant or auxiliary machines, devices or equipment. The East County Water Control District charter recognizes that the district may act pursuant to Chapter 189 and Chapter 298, Florida Statutes.[13]
As an entity created pursuant to a legislative act, the water control district may only exercise such powers as have been expressly granted by that act or must necessarily be exercised in order to carry out an express power. Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[14]
Thus, the water control district's powers are measured by the terms of the act under which it is organized and it can exercise no authority that has not clearly been granted to it by the Legislature or which is necessarily implied from the powers conferred.[15] While an express power duly conferred may include the implied authority to use the means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred.[16] Any implied power must be necessarily implied from a duty that is specifically or expressly imposed by statute.[17] For example, in Attorney General's Opinion 85-43, this office stated that in the absence of any statutory provision authorizing the Indiantown Water Control District to expend funds to take preventative measures against the incursion of citrus canker within the district, the water control district could not exercise such authority.
While some water control districts have been granted the authority to sell surplus real property by their enabling special acts, it does not appear that the East County Water Control District has been granted such power. The Legislature has set forth in Chapter 2000-423, Laws of Florida, and in the relevant provisions of Chapters 189, 197, and 298, Florida Statutes, the powers the district may exercise. Nowhere in those sources is the water control district authorized to sell surplus real property of the district.
Accordingly, it is my opinion that the East County Water Control District is not authorized to lease, sell or otherwise convey or dispose of surplus real property of the district for revenue-raising purposes. The district may wish to seek a legislative amendment to its charter to authorize the district to dispose of surplus real property for this or other purposes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 1, Ch. 2000-423, Laws of Fla.
[2] Id.
[3] See s. 1(1) of the district's charter contained in s. 3, Ch. 2000-423, Laws of Fla.
[4] Id. at s. 4(1).
[5] Supra n. 3 at s. 4(5).
[6] Supra n. 3 at s. 4(8).
[7] See s. 189.404(3)(i) and (m), Fla. Stat.
[8] Section 189.404(3)(k), Fla. Stat.
[9] See s. 298.01, Fla. Stat.
[10] See ss. 298.349, 298.41, 298.54, and 298.47, Fla. Stat.
[11] See, Turnberry Isle Resort and Club v. Fernandez,666 So.2d 254 (Fla. 3d DCA 1996; Ops. Att'y Gen. Fla. 00-07 (2000) (while staff analysis refers to "invoices," that term should be construed in light of the other types of information referenced), 94-12, 90-55 (terms of section should be construed in connection with, and their meaning ascertained by reference to, the other words and phrases of the section with which they are associated).
[12] See s. 13, Ch. 71-822, Laws of Fla., as amended. And see,e.g., Ops. Att'y Gen. Fla. 86-75 (1986), dealing with the Municipal Service District of Ponte Vedra Beach and noting that the district had been granted the authority to "purchase, hold, lease, sell or otherwise acquire and convey real and personal property"; and 87-38 (1987), discussing the nature of the Florosa Fire Control District and noting that the Legislature had granted the district the power to "lease, own, possess and convey real and personal property[.]".
[13] Supra n. 3 at s. 4(8).
[14] See Halifax Drainage District of Volusia County v. State,185 So. 123, 129 (Fla. 1938); State ex rel. Greenberg v. FloridaState Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA 1974),cert. dismissed, 300 So.2d 900 (Fla. 1974); City of Cape Coral v.GAC Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973).
[15] See, generally, 28 C.J.S. "Drains" s. 12. And. see Stateex rel. Vans Agnew v. Johnson, 150 So. 111 (Fla. 1933), for the proposition that the powers of a water control district are restricted to those deemed essential by the Legislature to effect its purpose; State ex rel. Davis v. Jumper Creek DrainageDistrict, 14 So.2d 900 (Fla. 1943), aff'd, 21 So.2d 459 (Fla. 1945); Rabin v. Lake Worth Drainage District, 82 So.2d 353 (Fla. 1955), cert. den., 350 U.S. 958 (1956); Roach v. LoxahatcheeGroves Water Control District, 417 So.2d 814 (Fla. 4th DCA 1982),aff'd, 421 So.2d 49 (Fla. 4th DCA 1982), indicating that a water control district has only those powers which the Legislature has delegated to it by statute. Cf., Op. Att'y Gen. Fla. 83-44 (1983), concluding that the Florida Inland Navigation District does not have statutory authority to expend district monies to fund a special marine patrol troop, to provide funds on a matching basis and as outright grants for public information and education programs.
[16] Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936); Ops. Att'y Gen. Fla. 78-101 (1978), 78-94 (1978), and 75-299 (1975).
[17] See Florida State University v. Jenkins, 323 So.2d 597 (Fla. 1st DCA 1975); Ops. Att'y Gen. Fla. 03-49 (2003) and 73-374 (1973).