Dear Mr. Ellspermann:
You have asked for my opinion on substantially the following question:
Is the Clerk of Circuit Court authorized to expend funds from the fine and forfeiture fund established by section 142.01, Florida Statutes, for work performed by county prisoners whether pre- or post-sentence?
Section 142.01, Florida Statutes, provides:
 "There shall be established by the clerk of the circuit court in each county of this state a separate fund to be known as the fine and forfeiture fund for use by the clerk of the circuit court in performing court-related functions. The fund shall consist of the following:
 (1) Fines and penalties. . . .
 (2) That portion of civil penalties directed to this fund. . . .
 (3) Court costs. . . .
 (4) Proceeds from forfeited bail bonds, unclaimed bonds, unclaimed moneys, or recognizances. . . .
 (5) Fines and forfeitures. . . .
 (6) All other revenues received by the clerk as revenue authorized by law to be retained by the clerk.
Notwithstanding the provisions of this section, all fines and forfeitures arising from operation of the provisions of s.318.1215 shall be disbursed in accordance with that section."
You question whether payment by the clerk for work done by prisoners may be considered a "court-related function" within the scope of this statute. Prior to its amendment in 2003, this statute provided that funds from the fine and forfeiture fund "shall be paid out only for criminal expenses, fees, and costs, where the crime was committed in the county and the fees and costs are a legal claim against the county, in accordance with the provisions of this chapter."[1]
Section 142.01, Florida Statutes, does not define the term "court-related function." However, the phrase is used extensively in Chapter 28, Florida Statutes, which sets forth the duties and responsibilities of the clerks of the circuit courts. Section28.35(4)(a), Florida Statutes, specifically states:
 "The list of court-related functions clerks may fund from filing fees, service charges, court costs, and fines shall be limited to those functions expressly authorized by law or court rule. Those functions must include the following: case maintenance; records management; court preparation and attendance; processing the assignment, reopening, and reassignment of cases; processing of appeals; collection and distribution of fines, fees, service charges, and court costs; processing of bond forfeiture payments; payment of jurors and witnesses; data collection and reporting; processing of jurors; determinations of indigent status; and reasonable administrative support costs to enable the clerk of the court to carry out these court-related functions."
This list is referred to throughout Chapter 28, Florida Statutes, as the "standard list" of court-related functions.[2] The statute also includes a list of functions that clerks are prohibited from funding with filing fees, service charges, court costs, and fines:
 "1. Those functions not specified within paragraph (a).
 2. Functions assigned by administrative orders which are not required for the clerk to perform the functions in paragraph (a).
 3. Enhanced levels of service which are not required for the clerk to perform the functions in paragraph (a).
 4. Functions identified as local requirements in law or local optional programs."[3]
You have drawn my attention to two statutory provisions relating to payment of prisoners for work they may perform. Section925.08, Florida Statutes, states that prisoners awaiting trial may be worked on roads and other projects
 "[w]hen the county commissioners decide it will be for the benefit of a prisoner and in the public interest, they may employ at labor on the streets or incorporated cities or towns, on the roads, bridges, or other public works in the county, or on other projects for which the governing body of the county could otherwise lawfully expend public funds and which it determines to be necessary for the health, safety, and welfare of the county, a person charged with a misdemeanor and confined in the county jail for failure to give bail."[4] (e.s.)
No prisoner shall be employed under this statute without his or her written consent and shall not work more than 10 hours in a 24-hour period.[5] Subsection (4) of this statute provides that if a person working under this section is acquitted or discharged from further prosecution, he or she "shall be paid bythe county at the rate of $5 for each day employed." (e.s.) If a prisoner is convicted, the time he or she was actually employed may be credited on any sentence of imprisonment, "and if the person is fined, the value of the labor at $5 per day shall be credited to her or his fine and costs." The county commission is charged with keeping records of employment under section 925.08, Florida Statutes, and furnishing those records to the court.
Chapter 951, Florida Statutes, also contains provisions authorizing prisoners to be worked on roads and bridges of the county or hired out to other counties. Section 951.05, Florida Statutes, states:
 "The board of county commissioners of the several counties may require all county prisoners under sentence confined in the jail of their respective counties for any offense to labor upon the public roads, bridges, farms, or other public works owned and operated by the county, or on other projects for which the governing body of the county could otherwise lawfully expend public funds and which it determines to be necessary for the health, safety, and welfare of the county, or in the event the county commissioners of any county deem it to the best interest of their county, they may hire out their prisoners to any other county in the state to be worked upon the public roads, bridges, or other public works of that county, or on other projects for which the governing body of that county could otherwise lawfully expend public funds and which it determines to be necessary for the health, safety, and welfare of that county, or they may, upon such terms as may be agreed upon between themselves and the Department of Transportation, lease or let said prisoners to the department instead of keeping them in the county jail where they are sentenced. The money derived from the hire of such prisoners shall be paid to the county hiring out such prisoners and placed to the credit of the fine and forfeiture fund of the county."[6] (e.s.)
Pursuant to section 129.02(3), Florida Statutes, each county budget shall include a county fine and forfeiture fund. Any money derived from the working of prisoners is to be credited to this fund and would appear to be the source of any funding for payment for prisoner labor. As described in section 129.02(3),
 "The budget for the county fine and forfeiture fund shall contain an estimate of receipts by source and balances as provided herein, and an itemized estimate of expenditures that need to be incurred to carry on all criminal prosecution, and all other law enforcement functions and activities of the county now or hereafter authorized by law, and of indebtedness of the county fine and forfeiture fund; also of the reserve for contingencies and the balance, as hereinbefore provided, which should be carried forward at the end of the year."
You have specifically called my attention to section 951.15, Florida Statutes, which relates to credits on fines and costs:
 "Every working prisoner shall be entitled to receive, together with subsistence, a credit at the rate of 30 cents per diem, on account of fines and costs adjudged against him or her."
As discussed above, it appears that the fine and forfeiture fund to which this statute refers is the county fine and forfeiture fund rather than that of the clerk of court.
Based on the statutory language discussed above, the expenses involved in paying for prisoner labor appear to be expenses incurred by the county. In addition, the payment of prisoners for work performed for the county would not appear to fall within the scope of those "court-related functions" set forth in section28.35(4)(a), Florida Statutes, for which the clerk may use fine and forfeiture fund moneys pursuant to section 142.01, Florida Statutes. It is the general rule that words in a statute take on meaning based on their context or their association with other words in the statute.[7] Payment for prisoner labor does not appear similar to such other court-related functions as case maintenance, records management or payment of jurors and witnesses. These activities clearly involve the operation of the court system. As the Legislature has stated, "the clerks of the court provide court-related functions which are essential to the orderly operation of the judicial branch."[8] The payment of funds to prisoners for work would appear to be related to law enforcement functions and activities rather than the operation of the courts.
Therefore, it is my opinion that the clerk of court is not authorized to expend funds from the fine and forfeiture fund established by section 142.01, Florida Statutes, for work performed by prisoners whether pre- or post-sentencing.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 142.01, Fla. Stat. (2002) and s. 81, Ch. 2003-402, Laws of Florida.
[2] See, e.g., s. 28.36(1), (2), and (3) Fla. Stat., discussing the "standard list of court-related functions."
[3] See s. 28.35(4)(b), Fla. Stat.
[4] Section 925.08(1), Fla. Stat.
[5] Section 925.08 (2) and (3), Fla. Stat.
[6] And see, s. 951.12, Fla. Stat., authorizing counties to exchange prisoners for purposes of working prisoners on the roads of a county.
[7] Turnberry Isle Resort and Club v. Fernandez,666 So. 2d 254 (Fla. 3rd DCA 1996); State ex rel. Wedgworth Farms, Inc. v.Thompson, 101 So. 2d 381 (Fla. 1958).
[8] Section 43.26(6), Fla. Stat., and cf. 29.001(2), Fla. Stat., stating that:
 "Although a program or function currently may be funded by the state or prescribed or established in general law, this does not designate the program or function as an element of the state courts system, state attorneys' offices, public defenders' offices, or the offices of the circuit and county court clerks performing court-related functions as described in s. 14, Art. V of the State Constitution."