Dear Mr. McCormack:
You have asked the following question:
Is a "Notice of Claim" made under section 768.28(6), Florida Statutes, confidential and exempt from the Public Records Law until termination of all litigation and settlement of all claims arising out of the same incident?
Section 768.28(16), Florida Statutes, authorizes the state, its agencies, and subdivisions to be self-insured, to enter into risk management programs, or to purchase liability insurance, or any combination thereof, in anticipation of any claim, judgment, or claims bill which may arise pursuant to section 768.28, Florida Statutes. Subsection 16(b) of the statute provides:
"Claims files maintained by any risk management program administered by the state, its agencies, and its subdivisions are confidential andexempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of theState Constitution until termination of all litigation and settlement ofall claims arising out of the same incident, although portions of the claims files may remain exempt, as otherwise provided by law. Claims files records may be released to other governmental agencies upon written request and demonstration of need; such records held by the receiving agency remain confidential and exempt as provided for in this paragraph." (e.s.)
The statute further exempts portions of meetings and proceedings conducted pursuant to a risk management program which relate solely to the evaluation of claims filed with the program or offers of compromise filed with the program from section 286.011, Florida Statutes, and section 24(b), Article I of the State Constitution.[1]
"Claims files" are not defined for purposes of Chapter 768, Florida Statutes. The 1994 act amending the confidentiality provisions for such files and continuing their exemption from the Public Records Law, however, contains the Legislature's expression of necessity for such exemption. It states, in part:
"If such records and meetings were not exempt, claimants would have unfettered access to, for example, the state's evidence, negotiation strategies, and claim evaluation and settlement considerations; thus the amount of the awards and settlements paid out by the state, its agencies and subdivisions, and ultimately the taxpayer, would increase dramatically. Furthermore, release of such information to the public serves no public purpose (e.g., monitoring the adequacy of agency investigations and reasonableness of settlement positions) which could not be otherwise accomplished upon completion of all litigation and settlement of claims when the records become publicly available."[2]
In Attorney General Opinion 92-82, this office was asked to determine whether meetings between a city attorney, the city's risk manager, and the city commission were exempt from the Government in the Sunshine Law, and whether records produced from such meetings were exempt from the Public Records Law. The opinion noted that the purpose of then section768.28(14), Florida Statutes [now 768.28(16)], is to authorize the state and its agencies and subdivisions to enter into risk management programs in anticipation of any claims, judgments, or claims bills they may be liable to pay under the statute arising from a tort claim against the governmental entity. Thus, the exemption from Chapter 119, Florida Statutes, and section 286.011, Florida Statutes, applies only to the governmental entity's risk management program for tort liability. The opinion further stated that the exemption apparently contemplates the existence of a claim having been filed prior to its becoming effective. It concluded, therefore, that only those proceedings of a risk management program relating solely to the evaluation of a claim filed with the program would be exempt from section 286.011, Florida Statutes. Minutes of such proceedings as well as the claims files maintained under the program were found to be exempt from disclosure until the termination of the litigation and settlement of claims arising out of the same incident.
Section 768.28(6), Florida Statutes, provides:
"(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency. . . .
(b) For purposes of this section, the requirements of notice to theagency and denial of the claim pursuant to paragraph (a) are conditionsprecedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.
(c) The claimant shall also provide to the agency the claimant's date and place of birth and social security number if the claimant is an individual, or a federal identification number if the claimant is not an individual. The claimant shall also state the case style, tribunal, the nature and amount of all adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $200, whether imposed by a civil, criminal, or administrative tribunal, owed by the claimant to the state, its agency, officer or subdivision. If there exists no prior adjudicated unpaid claim in excess of $200, the claimant shall so state. (e.s.)
* * *"
It would appear from the plain language of the statute that notice to the agency pursuant to section 768.28(6)(a), Florida Statutes, is a required preliminary step in filing a claim against the state or one of its subdivisions. Nothing within the statement of public necessity for the confidentiality of claims files in section 768.28(16)(b), Florida Statutes, nor within the legislative history of the act setting forth the exemption, however, expressly extends the exemption to the notice of a claim.
In discussing what is contained in the claims files, the staff analysis of the bill creating the exemption for claims files refers to materials that are relevant to an assessment or an evaluation of the claim.[3] While the staff analysis refers to "legal pleadings" and "correspondence relating to the accident or incident," those terms should be construed in light of the other types of information referenced.[4] Moreover, section 768.28(6)(b), Florida Statutes, noted above, specifically states that the notice is not part of the cause of action. While the notice of a tort claim may contain information relevant to the claim, such as a discussion of the nature of the accident, it would not appear to constitute the type of information intended for exemption.
Section 119.07(1)(a), Florida Statutes, states that "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." Section 119.07(1)(e), Florida Statutes, requires the person who has custody of a public record who contends that all or part of the record is exempt from inspection and copying to state the basis of the exemption that he or she contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute. Exemptions to the Public Records Law, however, are to be narrowly construed.[5]
A definitive determination of whether a specific document, such as the notice of a claim, comes within the scope of a public records exemption is beyond the authority of this office. Moreover, nothing within section768.28, Florida Statutes, expressly includes or excludes the notice of claim from the exemption from disclosure for claims files. As noted above, exemptions from the Public Records Law are to be narrowly construed. Even under a narrow construction, the notice of claim could be a part of the claims file exempt from disclosure. This office, however, may not conclude that all such notices of a claim are per se exempt from disclosure. Rather, it is the public agency, here the county, which must make the determination in good faith whether the notice of claim falls within the public records exemption for claims files.
In light of the discussion above, it is my opinion that while the notice of claim may become a part of the claim file for a particular incident or accident, there is nothing within section 768.28, Florida Statutes, that expressly includes or excludes the notice as a part of the claims files exempt from public disclosure. Ultimately, the county must make a careful and good faith determination whether the notice of claims would be confidential and exempt from disclosure pursuant to section 768.28(16)(b), Florida Statutes. It should be noted, however, that certain information contained within the notice, such as the social security number of a claimant, would be exempt from disclosure pursuant to other statutory provisions.[6]
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 768.28(16)(b), Fla. Stat.
[2] Section 2, Ch. 94-76, Laws of Fla. See also House of Representatives Committee on Governmental Operations Final Bill Analysis Economic Impact Statement on HB 531 (as passed by the Legislature as Ch. 94-76, Laws of Florida), dated March 23, 1994, p. 6, which states:
"The types of documents in a claims file include accident reports by police, sheriff, and highway patrol officers; investigative reports;legal pleadings; reports and correspondence from defense counsel evaluating potential liability, potential damages, and providing recommendations regarding settlement; correspondence relating to theaccident or incident; doctors' reports and reports from other medical experts or health providers including medical test results, patient medical histories, medications and treatments; damage estimates in the case of automobile accidents or water vessel accidents; reports by experts who are requested to be potential expert witnesses regarding liability and damages; correspondence from and to insurance adjusters relating to, for example, offers of compromise; notations relating to the facts in the case; invoices from experts and defense firms; names of investigators; amount of money available for litigation and settlement; "SeFes" scores (an evaluation score used in determining whether or not a suit should be defended or settled); personnel records; recorded or signed statements taken as possible evidence; risk management program evaluations of hazardous conditions; supervisor and claims committee notes pertaining to defense strategies; minutes of peer review meetings; Department of Professional Regulation defense files, and Trust Fund Council meeting minutes (public hospitals are "agencies" affected by the claims file law); anonymous correspondence; surveillance reports, photographs, and recordings; expert witness reports; and case evaluation statements from for example school principals, teachers, and bus drivers (school districts are also "agencies" affected by the claims file law)." (e.s.)
[3] Id.
[4] Cf. Turnberry Isle Resort and Club v. Fernandez, 666 So. 2d 254
(Fla. 3rd DCA 1996) (under doctrine of "noscitur a sociis" meaning of terms and intent behind them may be discovered by referring to words associated with them); Cepcot Corporation v. Department of Business andProfessional Regulation, Construction Industry Licensing Board, 658 So. 2d 1092 (Fla. 2nd DCA 1995) (under doctrine of "noscitur a sociis" court examines other words used within string of concepts to derive legislature's overall intent).
[5] See, e.g., Krischer v. D`Amato, 674 So. 2d 909, 911 (Fla. 4th DCA 1996).
[6] See s. 119.071(5)(a)3., Fla. Stat. (2006), providing:
"Effective October 1, 2002, all social security numbers held by an agency are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. This exemption applies to all social security numbers held by an agency before, on, or after the effective date of this exemption."